| | |
|---|---|
| **ANTONE BESSY and**<br>**KANASHA WOODS,**<br><br>**on behalf of themselves and**<br>**all others similarly situated,**<br><br>       **Plaintiffs,**<br><br>       **v.**<br><br>**PER MAR SECURITY AND**<br>**RESEARCH CORP,**<br><br>       **Defendant.** | **Case No.** 17-CV-34 |

## COMPLAINT

### INTRODUCTION

1.      This is a class and representative action against Defendant Per Mar Security and Research Corp. ("Defendant" or "Per Mar") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Wisconsin wage law, Wis. Stat. § 109.01, *et seq.*, and Wisconsin contract law.

2.      This action alleges that Defendant maintains unlawful policies of failing to  pay Named Plaintiffs and members of the putative classes (collectively "Plaintiffs") overtime pay, travel pay, minimum wages, and promised compensation, all in violation of the FLSA and Wisconsin law, as well as in breach of employment contracts that were formed when Plaintiffs accepted employment with, and performed services for Per Mar.

3. Through their class-wide claims, Named Plaintiffs Antone Bessey and Kanasha Woods ("Named Plaintiffs") seek compensation for all uncompensated work and other forms of relief including all penalties, liquidated damages, and other damages permitted by law; all other forms of relief permitted by law; and reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

*4.* This court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 because Named Plaintiffs allege violations of the FLSA, 29 U.S.C. § 201 *et seq.*

5. This Court has supplemental jurisdiction over Plaintiff's claims brought under Wisconsin law pursuant to 28 U.S.C. § 1367 because they are based upon the same nucleus of operative facts, and therefore form the same case or controversy as their FLSA claims.

6. This Court has personal jurisdiction over Defendant because Defendant purposefully performed work within this District; and some of Plaintiffs' incorrectly paid work hours occurred in this District.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because the corporate defendant Per Mar resides in this District by virtue of being subject to personal jurisdiction in this District at the time that this action is commenced.

## THE PARTIES

8. Named Plaintiffs are adult residents of the State of Wisconsin who were employed by Per Mar as security guards during the time period on or after January 18, 2013. Copies of the FLSA consents signed by the Named Plaintiffs are attached to this complaint as Exhibit A.

9. Defendant Per Mar is an Iowa corporation with branches located throughout the Midwest, including Wisconsin. Upon information and belief, Per Mar provides security services for clients, including at events, through the fictitious name Per Mar Security Services, an entity without a corporate existence separate from Per Mar.

10. Per Mar is registered with the Wisconsin Department of Financial Institutions as a foreign corporation; and is an employer within the meaning of Wis. Stat. § 109.03(1). Per Mar is also an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203, by, for example, purchasing vehicles, clothing, and equipment that were directly or indirectly produced outside Wisconsin; maintain branch offices in six (6) separate states, and by transporting security guards across state lines to perform work. At all relevant times, Per Mar has had annual gross volume of business at or above $1,000,000.

## FACTS

11. Plaintiffs, as security guards employed by Per Mar, were assigned by Per Mar to provide security services at numerous events.

12. Plaintiffs may be assigned by Per Mar to work 12 hours or longer in a single day, and more than 40 hours per week.

13. When Plaintiffs worked more than 40 hours per week, pursuant to uniform Per Mar policies, Plaintiffs were at most paid at their regular rates, and without any overtime premium pay, for their hours worked over 40 per week.

14. Plaintiffs were sometimes required by Per Mar to travel to, and to provide security services at locations away from their home communities.

15.     Per Mar would promise to provide Plaintiffs with overnight stay accommodations and a per diem, when it assigned them to provide security services at locations away from their home communities; although Plaintiffs did not always receive the promised per diems.

16.     When Plaintiffs provided security services at locations away from their home communities, the combination of the required length of their work shift and the time required for roundtrip travel between those locations and their homes made it, at a minimum, impossible as a practical matter for Plaintiffs to commute home on a nightly basis.

17.     Plaintiffs sometimes traveled to and from work locations away from their home communities, during hours of the day when they were working onsite for that job assignment during other days, or elsewhere during the same workweek.

18.     Plaintiffs would travel in Wisconsin to and from locations away from their home communities.

19.     Per Mar as a uniform policy neither counted as hours worked nor paid any of the hours spent by Plaintiffs travelling to and from jobsites located away from their home communities.

20.     Each job assignment that Plaintiffs worked had a fixed number of hours when Plaintiffs were scheduled to work.

21.     However, due to the needs of specific events Plaintiffs sometimes needed to work longer hours than the scheduled hours for the event, with the knowledge of Per Mar supervisors responsible for the assignment.

22.     Upon information and belief Per Mar maintained a uniform policy of compensating Plaintiffs for the scheduled hours, rather than the longer actual work hours for the events that they worked.

23.     Plaintiffs were sometimes paid for fewer hours, than the actual number of scheduled hours that they worked throughout the workweek.

24.     When Plaintiffs were hired, Per Mar promised that they would receive a specified wage rate for all of their hours worked.

25.     However, once Plaintiffs began working for Per Mar, Per Mar would, without providing any verbal or written notice to Plaintiffs, pay to Plaintiffs different wage rates depending on the event that they provided security services for, so that sometimes Plaintiffs were paid at a wage rate that was lower, than the wage rate that they were promised they would receive when they were hired.

26.     Because Per Mar did not provide Plaintiffs with paper check stubs, but instead required them to log onto a computer website to access their check stubs, and because it was often difficult for Plaintiffs to log onto the website to access their check stubs, it was difficult for Plaintiffs to discover on their own that they were sometimes paid at a lower rate, when compared to the wage rate that they were promised when they were hired.

27.     Per Mar has never informed any of Plaintiffs that they must accept the new arrangement, under which they were paid depending on the event for which they provided security services, and sometimes at wage rates lower than the wage rate that they were promised when they were hired, as a condition of continuing their employment at Per Mar.

28.     Plaintiffs did not receive any benefits or other consideration from Per Mar, in return for continuing to work for Per Mar, after (and to the extent) they knew that they were sometimes paid at wage rates that were lower, than the wage rate that they were promised when they were hired.

29.     Where Defendant implemented variable pay rates it failed to correctly calculate the regular rate of pay for overtime purposes.

## COLLECTIVE ACTION ALLEGATIONS

30.     Named Plaintiffs bring their First Claim for Relief, pursuant to the Fair Labor Standards Act, on their own behalf and on behalf of all other similarly situated Plaintiffs who were not paid the correct amount of overtime pay because of Per Mar's uniform policies of (1) failing to pay overtime pay for hours worked over 40 hours per week; (2) failing to count as hours worked time spent traveling to and from a worksite away from the Plaintiffs' home communities during regular working hours; (3) only counting as hours worked the Plaintiffs' scheduled hours worked, rather than their often longer actual hours worked; and (4) failure to correctly calculate the regular rate of pay for overtime purposes.

31.     The First Claim for Relief for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. § 216(b), for prospective members of the FLSA Class that are similarly situated to Named Plaintiffs and have claims that are similar to their first claim for relief.

32.     The claims of Named Plaintiffs are representative of the claims of members of the FLSA Class in that all members of the class were security guards employed by Per Mar Security, paid on an hourly basis, deprived of overtime pay and minimum wage pay as a result of uniform

policies and practices of Per Mar Security in undercounting their hours worked, and were not paid overtime premium pay.

## CLASS ALLEGATIONS

33.     Named Plaintiffs seek to represent a class of all employees of Defendant who fall within the following class description, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All hourly, non-exempt security guards employed by Per Mar who, on or after January 11, 2014, were not paid overtime pay for hours worked over 40 hours per week in Wisconsin, were not paid for travel time in Wisconsin to or from worksites located away from their home communities, were paid for their scheduled rather than actual hours worked in Wisconsin, or were paid at a wage rate lower than the rate they were promised when they were hired by Per Mar, for their work in Wisconsin.

34.     The persons in the class identified above are so numerous that joinder of all members is impracticable.   Per Mar maintains seven (7) separate branch offices throughout Wisconsin so that the class consists of hundreds of individuals who are at a minimum widely scattered in the State of Wisconsin, and may have relocated to other states.

35.     There are questions of law and fact common to the Wisconsin Unpaid Wage Class (Rule 23 Class) that predominate over any questions solely affecting individual members of the class, including, but not limited to:

(a)     Whether they must receive overtime pay for hours worked over 40 hours per week;

(b)     Whether they must be paid for all time spent traveling to and from worksites located away from their home communities under Wisconsin law;

(c)     Whether they must be paid for all of their work time, when Per Mar knew, or should have known that they worked hours longer than their scheduled work hours for an assignment;

(d)     Whether they must be paid using the system of compensation that they were promised when they were hired, at a time when they did not know that Per Mar had altered their system of compensation;

(e)     Whether any consideration supports the alteration to their system of pay, when Per Mar never expressly conditioned their continued employment with Per Mar upon their acceptance of the alteration to their system of pay

(f)     Appropriate damages under Wisconsin law for hours that Per Mar should have, but failed to count as hours worked; and

(g)     Appropriate methodology for estimating the Plaintiffs' damages as a matter of fair inference to the extent Per Mar failed to maintain accurate records of the Plaintiffs' actual hours worked.

36.     Named Plaintiffs' claims are typical of those of the Wisconsin Unpaid Wage Class. Named Plaintiffs, like other class members, were subjected to Per Mar's uniform policies of never paying its security guards overtime pay, never paying its security guards travel pay for travel time away from their home communities, paying security guards for scheduled rather than actual hours worked, and of changing the security guards' compensation without notice, and without consideration.

37.     Named Plaintiffs will fairly and adequately protect the interests of the Wisconsin Unpaid Wage Class and has retained counsel experienced in complex wage and hour litigation.

38.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Defendant's common and uniform policies and practices denied the Wisconsin Unpaid Wage Class wages for work performed to which they are entitled. The damages suffered by the individual Wisconsin Unpaid Wage Class members are small compared to the expense and burden of individual prosecution-n of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Per Mar's pay practices.

39.     Class certification of the First Claim for Relief is appropriate under Fed. R. Civ. P. 23(b)(3), because questions of law and fact common to the Wisconsin Unpaid Wage Class predominate over any questions affecting only individual members of the Wisconsin Unpaid Wage Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

**COUNT I.**
**CLAIM UNDER THE FAIR LABOR STANDARDS ACT.**

40.     Named Plaintiffs re-allege, and incorporate by reference, the allegations contained in paragraphs 1- 39 of the Complaint.

41.     Per Mar was required by the FLSA to, but failed to pay to Plaintiffs overtime pay equal to at least 1.5 times their straight time wage rate, for their hours worked over 40 hours per workweek.

42.     When Plaintiffs worked at a location that was far enough from their homes, so that at least as a practical matter it was impossible for them to commute home on a nightly basis, they are entitled pursuant to 29 C.F.R. § 778.39 to have counted, as hours worked, all of their travel time to and from the worksite away from their home communities, to the extent the travel occurred during their regular working hours.

43.     When Per Mar knew, or should have known that the Plaintiffs were working hours longer than their scheduled hours at an event, it must count as hours worked all hours worked by Plaintiffs, rather than only their scheduled hours worked.

44.     Upon information and belief, there were workweeks when Plaintiffs did not receive the minimum wage throughout the week, had Per Mar complied with its legal obligations as outlined in paragraphs 41-43 of the Complaint.

45. Each Plaintiff would have had additional hours worked over 40 hours per week, and thus additional entitlement to overtime pay, had Per Mar complied with its legal obligations as outlined in paragraphs 41-43 of the Complaint.

46. Since Defendant did not have any, let alone reasonable grounds for believing that it was in compliance with the FLSA, Plaintiffs are entitled to 100% liquidated damages for all overtime pay that Defendant owes to them. Plaintiffs are also entitled to application of the three year statute of limitations for Defendant's willful violations of the FLSA.

47. Plaintiffs are additionally entitled to their reasonable attorneys' fees and costs of bringing their FLSA claims against Per Mar

## COUNT II.
## CLAIMS UNDER WISCONSIN WAGE AND HOUR LAWS.

48. Named Plaintiffs re-allege, and incorporate by reference, the allegations contained in paragraphs 1- 47 of the Complaint.

49. Per Mar is required by Wisconsin law to pay to Plaintiffs, at a rate at least 1.5 times their straight time rate, all hours worked over 40 hours per week.

50. Per Mar is required by Wisconsin law to count as hours worked all hours spent by them traveling to and from a job assignment, where as a practical matter it was impossible for them to commute home on a nightly basis, regardless of whether the travel occurred during regular working hours.

51. Per Mar must compensate Plaintiffs using a hourly rate that at least equaled the rate that they were promised when they were hired both because Plaintiffs were not aware of the change to their rate of pay, and because any acceptance by Plaintiffs of the change to their rate of pay is not supported by consideration.

52.     Pursuant to Wis. Stat. § 109.03(1) and (5), Plaintiffs must be paid at their regular rates for each of their hours spent traveling to and from their home communities, and other hours beyond their scheduled hours that Per Mar suffered or permitted them to work.

53.     Because per diems that Per Mar promised to pay to Plaintiffs constitute remuneration for personal services, and therefore wages within the meaning of § 109.01(3), Per Mar was required by Wis. Stat. § 109.03(1) and (5) to pay to the Plaintiffs all per diems promised to them.

54.     Pursuant to Wis. Stat. § 109.03(1) and (5), Named Plaintiffs must be paid at their regular rates for each of their scheduled hours worked that Per Mar failed to pay.

55.     Pursuant to DWD § 274.03, which is enforceable through the wage payment provisions of Wis. Stat. § 109.03(1) and (5), Plaintiffs are entitled to overtime premium pay, equal to 1½ of their regular rate, for each of their hours worked over 40 hours per week, once all hours that must count as hours worked under Wisconsin law are taken into account.

56.     Pursuant to Wis. Stat. § 109.03(5), Named Plaintiffs are entitled to maintain a lawsuit against Per Mar for all straight time and overtime wages that they are entitled to, but did not receive pursuant to Wis. Stat. § 109.03 and DWD Chapter 274.  In such a lawsuit they are also entitled to receive the 50% increased damages authorized by Wis. Stat. § 109.11(2)(b), along with their reasonable attorneys' fees and costs of prosecuting their claims as authorized by Wis. Stat. § 109.03(6).

## COUNT III.
## BREACH OF CONTRACT.

57.     Named Plaintiffs re-allege, and incorporate by reference, the allegations contained in paragraphs 1-56 of the Complaint.

58.     Per Mar promised to pay compensation to Plaintiffs by promising them at the time of hire that they would be paid at a specified rate for all of their hours worked, and by promising Plaintiffs that they would receive per diem payments of specified amounts when working away from their home communities.

59.     Plaintiffs accepted, and furnished consideration for the wages and per diem payments by performing work for Per Mar, and by accepting Per Mar's assignment to work away from their home communities.

60.     No consideration supports a modification of Per Mar's promise to pay Plaintiffs at a specified rate for all of their hours worked when Per Mar never explicitly conditioned the continuation of Plaintiffs' employment upon their acceptance of any modifications to their rate of pay.

61.     Per Mar therefore violated its employment contract with Plaintiffs by paying to Plaintiffs no wages for some of their scheduled hours worked, by paying to Plaintiffs wages at a rate lower than the rate promised at their hiring for others of their scheduled hours worked, and by failing to pay to Plaintiffs the full amount of per diems promised to them.

**WHEREFORE**, Named Plaintiffs demand the following relief:

A.     Issue notice to all similarly situated employees of Per Mar informing them of their right to file consents to join this action;

B.     Certify all of Named Plaintiffs' federal claims as a Collective Action pursuant to Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b);

C.     Certify all of Named Plaintiffs' state law claims under Wis. Stat. § 109 as a class action pursuant to Fed R. Civ. P. 23;

D.     Award Named Plaintiffs and all members of the putative collective and Rule 23 class their unpaid regular hourly rate of pay for hours of work up to forty (40)

hours per week and their unpaid overtime rate of pay for all hours of work in excess of forty (40) hours per week;

E.   Award an additional amount under federal law as liquidated damages, equal to the amount awarded in ¶B of this prayer for relief pursuant to federal law;

F.   Award an additional amount under Wisconsin state law in the amount of 50% of the amount of wages due and unpaid awarded in ¶B of this prayer for relief pursuant to state law;

G.   Enter an order permanently enjoining and restraining Defendant from violating the provisions of Wisconsin state law and federal law;

H.   Award Named Plaintiff's attorneys their reasonable fees and costs of this action; and

I.   Grant all Plaintiffs such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Named Plaintiffs demand a trial by jury.

Dated this 13th day of January, 2017.

/s/Nathan D. Eisenberg

Nathan D. Eisenberg (SBN 1030555)
nde@previant.com
Yingtao Ho (SBN 1045418)
yh@previant.com
Erin F. Medeiros (SBN 1097910)
efm@previant.com
Attorneys for Plaintiffs
The Previant Law Firm S.C.
310 West Wisconsin Avenue, Suite 100MW
Milwaukee, WI   53203
Telephone: 414-271-4500
Fax: 414-271-6308