IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ANTONE BESSY and KANASHA WOODS,
on behalf of themselves and all others
similarly situated,

                    Plaintiffs,                     OPINION AND ORDER

   v.

                                                  17-cv-034-wmc

PER MAR SECURITY AND RESEARCH CORP,

                    Defendant.

Plaintiffs Antone Bessy and Kanasha Woods allege that their former employer Per Mar Security and Research Corp violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and Wisconsin wage and hour statutes by failing to properly pay for overtime work. Plaintiffs seek to pursue a collective action under the FLSA and a Rule 23 class action for their state law claims. Before the court is plaintiffs' motion for conditional certification of the FLSA collective action. (Dkt. #27.)[1] For the reasons that follow, the court will grant plaintiffs' motion for conditional certification of the following two FLSA collection actions: (1) a class of all Per Mar employees pursing a claim based on defendant's method for calculating the rate of pay during overtime hours; and (2) a class of Wisconsin employees only pursuing a claim based on Per Mar's alleged under-reporting of hours worked.

---

[1] In a footnote to its opposition brief, defendant notes that plaintiffs "apparently do not seek conditional certification of any class under Rule 23." (Def.'s Opp'n (dkt. #34) 1 n.1.) The conditional certification process, however, is specific to the FLSA. As indicated in the court's preliminary pretrial conference order, there is another deadline for seeking class certification, and at that time, defendant also may move for decertification of the FLSA collective action. (3/22/17 Order (dkt. #19) ¶ 3.) The court resets that deadline in the order below.

BACKGROUND

Plaintiffs are both former Special Events employees for Per Mar Security and Research Corp's Milwaukee branch. Per Mar provides security services to business and residential customers, including security systems and securities guards, located throughout the Midwest, with twenty-three branch locations in thirteen states. It has five branch offices in Wisconsin that provide security guard services: Eau Claire, Green Bay, Madison, Milwaukee and Wausau. Per Mar provides two types of security services, permanent uniformed security guards and special event officers. Plaintiffs were both special event officers. Employees who perform services at special events are required to record their hours worked on a paper sign-in sheet. (This is in contrast to employees who perform work for permanent clients who record their hours electronically.) Defendant contends, however, that each branch uses paper timesheets for special events, but the form of those timesheets vary from branch to branch.

Plaintiffs pursue two FLSA claims. *First*, plaintiffs claim that defendant improperly calculates their overtime compensation by using the rate based on the work being performed at the time of the overtime, rather than a blended rate (or the average straight time wage rate) for the entire work week. For this claim, plaintiff collected examples of underpayment of overtime wages because of this alleged improper method of calculating overtime compensation from each of Per Mar's five Wisconsin branches. Plaintiff, however, seeks to certify a collective action conditionally that covers all of Per Mar's branches, in part because "Per Mar has failed to abide by the parties' agreement to produce time cards for all of its branches." (Pls.' Mot. (dkt. #28) 2.)

*Second*, plaintiffs allege that defendant violated the FLSA by adopting an unwritten policy of having supervisors undercount or under-report employees' hours, thus depriving them of overtime pay. For this collective action, plaintiffs seek to cover only Per Mar's employees at its Wisconsin branches, having collected evidence from at least six employees, including plaintiff Bessy, of supervisors completing employees' time cards in three of Per Mar's branches.

OPINION

## I. Conditional Certification

Under the FLSA, plaintiffs can bring a "collective action" seeking to recover unpaid compensation against an employer on behalf of themselves and "similarly situated" employees. 29 U.S.C. § 216(b). Before a plaintiff can litigate on behalf of any other employee, however, they must "consent in writing" and that consent must be filed with the court. *Id.* Because of this "opt in" requirement, courts engage in a two-step process to certify FLSA collective actions. *Bitner v. Wyndham Vacation Resorts, Inc.*, 304 F.R.D. 354, 357 (W.D. Wis. 2014). In the first step, the plaintiff seeks a conditional certification, after which notice is sent to putative plaintiffs and discovery proceeds; in the second, the defendants may move to decertify. *Id.* at 357-58.

At the conditional certification stage, the plaintiff need only provide "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Id.* at 357 (quoting *Austin v. CUNA Mut. Ins. Soc'y*, 232 F.R.D. 601, 605 (W.D. Wis. 2006)). Unlike the "rigorous analysis" required under Rule 23 of the Federal Rules, the conditional certification

standard is "'fairly lenient,'" although not "a 'mere formality.'" *Id.* (quoting *Foshinder-Bittorf v. SSM Health Care of Wis., Inc.*, No. 11-cv-592-wmc, 2013 WL 3287634, at \*4 (W.D. Wis. Mar. 21, 2013), and *Berndt v. Cleary Bldg. Corp.*, No. 11-cv-791-wmc, 2013 WL 3287599, at \*7 (W.D. Wis. Jan. 25, 2013)).

Importantly, the court does *not* adjudicate the merits at conditional certification and factual disputes are resolved in favor of the plaintiff. *Id.* at 357-58. Showing that the named plaintiff and the putative plaintiffs are "victims of a common policy or plan that [is asserted to have] violated the law" satisfies the similarly situated requirement at conditional certification. *Id.* at 358 (alteration in the original) (quoting *Freeman v. Total Sec. Mgmt.-Wis., LLC*, No. 12-cv-461-wmc, 2013 WL 4049542, at \*5 (Aug. 9, 2013 W.D. Wis. 2013)). In turn, this "requires a 'factual nexus that connects [the named plaintiff] to other potential plaintiffs as victims of an unlawful practice.'" *Id.* (alteration in the original) (quoting *Sjoblom v. Charter Commc'ns, LLC*, 571 F. Supp. 2d 961, 971 (W.D. Wis. 2008)). This inquiry centers on "whether potential plaintiffs 'are sufficiently similar to believe a collective action will facilitate efficient resolution of a legal dispute involving claims which share common questions and common answers." *Id.* (quoting *Berndt*, 2013 WL 3287599, at \*7).

Despite this relatively low bar, defendant lobs a number of challenges with respect to both of the proposed collective actions. The court will address each in turn.

## II. National Collective Action Regarding Calculation of Overtime Rate of Pay

One primary challenge to plaintiffs' motion to certify a nationwide collective action is that their evidence of the method of calculating overtime is limited to Wisconsin

employees. Specifically, defendant argues that plaintiff limits its proposed classes to Wisconsin employees and that, in response to plaintiffs' motion to compel, defendant was only required to produce payroll records from each of its five Wisconsin locations. As for defendant's first argument, the cited portions of the complaint concern plaintiffs' proposed Rule 23 class actions, premised on violations of Wisconsin state law, and, therefore, necessarily limited to Wisconsin employees. The relevant portion of the complaint concerning plaintiffs' proposed FLSA collective action, however, is *not* limited to Wisconsin. (*See* Am. Compl. (dkt. #18) ¶¶ 30-32.)

As for defendant's second argument -- that it was only required to produced payroll records for Wisconsin employees -- plaintiff disputes this, arguing that defendant was required to produce records beyond Wisconsin, but simply failed to do so. Judge Crocker's text order on the hearing on plaintiffs' motion to compel does not provide sufficient information for the court to assess which parties' understanding is correct. (*See* 8/19/17 Order (stating that the motion was granted in part and denied in part, and ordering production by a specific date).) The court need not resolve this dispute, however, because if plaintiffs believed they did not receive all that was required, their resort was to return to the court to seek compliance with Judge Crocker's order, *not* to sit in the weeds.

Putting aside this discovery dispute, the court nevertheless finds a sufficient basis to certify a nationwide class based on Per Mar's payroll supervisor's declaration, averring that the department, located at its corporate headquarters, is responsible for ensuring the accurate computation and processing of payroll for all Per Mar employees (*see* Ryden Decl. (dkt. #37)), and a reasonable inference that in light of this centralized process, the same method for calculating overtime is used. The court is satisfied that plaintiff has met the

modest showing necessary for conditional certification, but defendant, of course, is free to renew this challenge at the decertification stage, provided it has evidence to suggest that the overtime calculation claim is specific to Wisconsin employees.

Defendant also contends that certification of this class is not appropriate in the context of plaintiffs' motion to compel, arguing that they needed payroll records to demonstrate that the putative class members were not similarly situated, but plaintiffs' efforts to discover payroll data extending beyond the two class members is understandable and does not undermine a finding that they are similarly situated.[2] As such, the court rejects defendants' arguments for opposing certification of an FLSA nationwide collective action based on their method for calculating overtime pay. Finding that plaintiff has made a "a modest factual showing" that they and other Per Mar employees were subject to the same overtime pay calculation policy, the court will certify conditionally a nationwide collective action concerning Per Mar's method for calculating the overtime rate of pay, conditioned with the understanding that it is on plaintiffs gathering just that -- greater proof.

### III.  Wisconsin Collective Action Regarding Under-reporting of Hours

Defendant advances three core challenges to plaintiffs' motion to certify an FLSA collective action specific to Wisconsin employees concerning under-reporting of hours. *First*, defendant contends that the court should apply an "intermediate level of scrutiny"

---

[2] The parties spend a significant amount of their respective briefs arguing whether any overpayments due to Per Mar's method of calculating overtime could be used to off-set any underpayments. This argument is *not* material to the present motion, since it at most concerns the merits of plaintiffs' claims or, more likely, possible relief should plaintiffs' claims prove successful. The court need not take up this dispute at this time.

because defendant has responded to discovery requests and has provided plaintiff with payroll records of 1,752 current and former security officers in Wisconsin, and un-redacted time sheets of all the employees who worked special events at the same time as the named plaintiffs. (Def.'s Opp'n (dkt. #34) 7-8.) The cases adopting an intermediate standard, however, involve instances where the plaintiff has had both the opportunity to depose the defendant and has received contact information for the putative class. Neither has occurred in the present case. *See Holmes v. Sid's Sealants, LLC*, No. 16-CV-821-WMC, 2017 WL 5749684, at *3 (W.D. Wis. Nov. 28, 2017) (rejecting similar argument for adoption of more stringent standard, explaining "that such a standard is best applied after more robust discovery has occurred, in particular affirmative discovery of defendants themselves").

Here, Bessy's declaration as to his own experience of underreporting of hours worked, coupled with a reasonable inference based on the placement of other employees' names above Bessy's in the pertinent time records who reported for work at the same time or earlier than he, as well as review of paystubs reflecting pay for less than the hours apparently worked, is sufficient to meet the modest standard for conditionally certifying an FLSA test. While defendant points to some instances where employees were paid correctly because a start time was subsequently modified to reflect the actual time spent working, it is anecdotal at best and supports the merits of plaintiffs' claim at worst. Rather than a basis for denying conditional certification, these incidents may suggest a policy of under-reporting exists.

*Second*, defendant argues that plaintiffs' claim concerning the under-recording of hours is inappropriate for treatment as a collective action, because plaintiff's evidence is

limited to "alleged actions taken by a single supervisor on [a] single occasion, at a single event," specifically the actions of supervisor Louis Bath at the Eau Claire music festival from August 11-13, 2016. (Def.'s Opp'n (dkt. #34) 18.) While implicitly recognizing that plaintiff's concrete evidence of under-reporting of hours was based on events at the Eau Claire festival, plaintiffs direct the court in response to Bessy's averment that "[t]hroughout the time that I worked for Per Mar, and regardless of what supervisor I worked for, I was frequently paid for fewer hours than the number of hours that I worked, especially when I worked more than my scheduled hours for a shift." (Bessy Decl. (dkt. #32) ¶ 11.) Plaintiff also points out that Bessy worked for 11 supervisors during his employment. (Pls.' Reply (dkt. #51) 11.) From this, plaintiffs argue one might infer "[t]hat 11 or more Per Mar supervisors are following the same practice establishes the requisite modest showing that Per Mar had an unofficial policy of having supervisors complete employee time cards to facility under-counting their hours worked." (*Id.* at 12.) While plaintiffs' evidence of this practice extending beyond the Eau Claire festival is thin, the court credits Bessy's averment that his hours were under-reported by all supervisors, and finds that this meets the modest showing for purposes of the conditional certification. *See Sharpe v. APAC Customer Servs., Inc.*, No. 09-CV-329-BBC, 2010 WL 135168, at *6 (W.D. Wis. Jan. 11, 2010) ("Where an apparent company-wide policy is behind the alleged FLSA violations, the plaintiff seeking certification for a company-wide class action should not be required to collect specific violations from each location or from each state before seeking authorization to provide notice to employees from all locations.") (quoting *Kelly v. Bluegreen Corp.*, 256 F.R.D. 626, 631 (W.D. Wis. 2009)). Plaintiffs, of course, will have to

offer additional support for a company-wide policy to certify a class under Rule 23 or to withstand a motion to decertify this collective action.

*Third*, defendant argues that certification of a collective action is not appropriate because it will require "individual analysis of each member's time sheets and hours worked on each day that each worked." (Def.'s Opp'n (dkt. #34) 20.) Taken at face value, however, this argument would undermine *any* effort to certify a collective action. Instead, the cases cited by defendant where certification of a collective action was denied involve circumstances where there was *no* evidence of a common policy or plan, but instead turned on an employee's interpretation of a supervisor's directive. (Pls.' Reply (dkt. #51) 13-14 (discussing cases cited by defendant).)

Here, plaintiffs contend that the supervisors were under-reporting hours as part of an unofficial policy. If plaintiffs fail to demonstrate that policy, then their claims fail, but that does not preclude certifying a collective action. As already mentioned, plaintiffs' claims will require evaluation of time records, but that too is not a sufficient basis to find that certification of a collective action is inappropriate. *Cf. Butler v. Sears, Roebuck & Co.*, 727 F.3d 796, 801 (7th Cir. 2013) (explaining that in Rule 23 class certification context individual questions as to damages does not undermine a finding that common questions of liability predominate).[3]

---

[3] Defendant also argues that plaintiff Kanasha Woods is not sufficiently interested in litigation given that she failed to submit a declaration or otherwise support the motion. The court shares defendant's concern, but this is not a basis for denying the motion in light of Bessy's apparent active involvement. As such, the court will hold off as to whether she is an appropriate representative and decide that in the context of the motion for certification of a state law class action pursuant to Rule 23 and defendant's motion for decertification of the FLSA collective actions.

Accordingly, the court will conditionally certify a collective action of Wisconsin employees only who were allegedly subjected to an unofficial policy of under-reporting hours by Per Mar Security.

## IV. Notice

In the context of the notice, the parties also raise another significant dispute -- whether the collective actions should cover only special event officers, like the two named plaintiffs, or should also cover the permanent security guards. The court agrees with defendant that plaintiffs have failed to show that their claims implicate the permanent security guards for two core reasons. First, with respect to the collective action concerning the method of overtime payment, it appears that these employees are paid at a set hourly rate, and therefore are not impacted by any failure on the part of Per Mar to use a blended average rate rather than the specific rate for the hours worked during the overtime period. Second, with respect to the collective action concerning underreporting of hours, permanent security guards maintain their own hours electronically, and therefore are not depending on supervisors, who allegedly under-report hours to avoid payment for overtime. As such, the court will limit the collective action to special event officers and direct that the notice reflects that limitation and is only sent to those employees.

Next, with respect to the notice, the parties also dispute whether the pertinent time period is two or three years. The FLSA extends the statute of limitations from two years to three years for willful violations. 29 U.S.C. § 255(a). The court agrees with plaintiff that it is premature to decide this issue as well. Consistent with its practice, the court will define the collective action, for purposes of providing notice, as all special events employees

of Per Mar from three years before the date of this order, three years prior to the date of this order. Of course, the individual opt-in plaintiff's claim will cover the two- or three-year period preceding his or her respective opt-in dates. *See* 29 U.S.C. § 256(b) (providing that commencement of action for opt-in plaintiffs is the "date on which such written consent is filed in the court in which the action was commenced").

Finally, defendant challenges plaintiffs' description of the overtime method of pay rate claim. Plaintiffs' notice states:

> The lawsuit alleges that you should be allowed to keep all overtime pay that you received from Per Mar, plus all additional overtime pay you would have received had Per Mar used the average straight time wage rate that you earned to compute your overtime pay each and every week.

(Pls.' Proposed Not. (dkt. #27-1).) Defendant contends that implicit in this description is plaintiffs' theory that Per Mar was obligated to calculate the rate of pay using both the blended rate and the type of work rate, and then pay the greater of the two. (Def.'s Opp'n (dkt. #34) 25.) Defendant contends that this is a significant area of dispute between the parties to be resolved at a later date. While the language in the notice states that "the lawsuit alleges" -- thus reflecting plaintiffs' position -- the court agrees with defendant that the notice should at least acknowledge that, at times, the method used by Per Mar, the so-called "type of work" rate, could result in a higher pay rate than if Per Mar had calculated the rate using a blended average. As such, the court agrees with defendant that its proposed description of plaintiff's claim is more accurate and complete. Accordingly, plaintiffs are directed to adopt the language provided in defendant's opposition brief at pages 25-26.

ORDER

IT IS ORDERED that:

1) Plaintiffs' motion for conditional certification of FLSA collective actions (dkt. #27) is GRANTED.  The court certifies the following two collective actions:

   a) All persons who have been or are currently employed by defendant as special events employees at any nationwide location at any time during the past three years; and

   b) All persons who have been or are currently employed by defendant as special events employees in the state of Wisconsin at any time during the past three years.

2) On or before April 9, 2018, defendant shall produce to plaintiff an electronic list of names and addresses of all employees who fall within the scope of the collective actions, specifically identifying which employees are Wisconsin employees.

3) On or before April 9, 2018, plaintiffs shall file two versions of the notice, consistent with this opinion:  the first describing both collective actions to be sent to Wisconsin employees, and the second describing just the method of calculating overtime rate of pay to be sent to non-Wisconsin employees.

4) On or before April 16, 2018, plaintiffs' counsel is directed to mail the notices to the collective action members.  Those members will have 60 days from the date of mailing to opt-in to the collective actions.

Entered this 30th day of March, 2018.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge