IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ANTONE BESSY and KANASHA WOODS,
on behalf of themselves and all others
similarly situated,

                    Plaintiffs,                                    ORDER

      v.
                                                                17-cv-034-wmc

PER MAR SECURITY AND RESEARCH CORP,

                    Defendant.

The court is in receipt of plaintiffs' proposed notices of an FLSA Collective Action, defendant's objections, plaintiffs' response and defendant's reply.  (Dkt. ##58-61.)  In its opinion and order conditionally certifying two FLSA collective actions, the court *already* addressed the three objections raised by defendant in a section of the opinion titled "Notice."  (3/30/18 Op. & Order (dkt. #56) 10-11.)  As such, the court is hard-pressed to understand why plaintiffs' counsel did not incorporate the court's directions in their proposed notices.  *First,* the FLSA collective actions are limited to special event officers. As such, the notice should be addressed to "All special event officers of Per Mar Security and Research Corp. ("Per Mar") . . . ."  *Second*, the collective action's period is defined as three years before the date of the conditional certification order, a point plaintiffs apparently concede in their response to defendant's objections.  As such, in both places on the forms identifying the time period, it should read, "on or after March 30, 2015."  *Third*, as the court already ordered, plaintiffs are directed to remove from both notices the following sentence: "The lawsuit alleges that you should be allowed to keep all overtime pay that you received from Per Mar, plus all additional overtime pay you would have received had Per Mar used the average straight time wage rate that you

earned  to compute your overtime pay each and every week." The court previously considered plaintiffs' argument -- reiterated in its response to defendant's objections -- and rejected it. Plaintiffs' failure to acknowledge that prior ruling is inexcusable. Going forward, plaintiffs' counsel must be more dilligent in following court orders. Cumulatively, these missteps will weigh in the court's determination of whether to appoint the Previant Law Firm as class counsel in any Rule 23 class.

In addition to ruling on defendant's objections, the court makes a few, additional notes. As for notices, the first -- identified as the "Nationwide FLSA class" (dkt. #58-1) -- should be directed to all *non*-Wisconsin special event officers. Those employees may opt-into the FLSA collective action concerning defendant's method of calculating the rate of pay during overtime hours. The second notice -- identified as the "Wisconsin FLSA class" (dkt. #58-2) -- should be directed to all Wisconsin special event officers. Those employees may opt into both FLSA collective actions -- the overtime rate calculation collective action, as well as the under-reporting of hours collective action. Next, the court notes a typo in both notices that the parties repeat in their respective briefing: in the "Description of the Lawsuit" section, the sentence beginning "The lawsuit alleges that Per Mar was required by federal law . . . ," should contain the phrase "which may *or* may not have resulted in the underpayment of overtime compensation," *not* the current version of "which may *not* may not have resulted in the underpayment of overtime compensation." Finally, the court notes some odd style issues in the notice. For consistency, all apostrophes and quotations should have the same style (e.g., use either the straight style or the smart/curly style consistently). *See generally* https://typographyforlawyers.com/straight-and-curly-quotes.html. These

details matter in ensuring that the employees receiving these notices view them as legitimate, rather than as a scam or junk mail.

## ORDER

IT IS ORDERED that plaintiffs shall make the changes described in this order to the two proposed FLSA collective action notices and facilitate mailing of the notices on or before April 24, 2018.

Entered this 17th of April, 2018.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge