# United States District Court
for the
Western District of Wisconsin

ANTONE BESSY and KANASHA WOODS,
on behalf of themselves and all others similarly situated, Plaintiffs

v.

PER MAR SECURITY AND RESEARCH CORP, Defendant

Case No. 17-CV-00034

### BRIEF IN SUPPORT OF MOTION TO STRIKE UNTIMELY OPT-INS

#### SUMMARY

On March 30, 2018, the Court entered an Order conditionally certifying a nationwide collective action concerning Per Mar's method for calculating the overtime rate of pay, and a collective action of Wisconsin employees who were allegedly subjected to an unofficial policy of under-reporting hours of work.  Doc. No. 56 at 6, 10.  The Order required Defendant to produce to Plaintiffs an electronic list of names and addresses of all employees who fall within the scope of the collective actions, specifically identifying which employees are Wisconsin employees on or before April 9, 2018, and provided that "members [would] have 60 days from the date of mailing to opt-in to the collective actions." *Id*. at 12.

Defendant provided the list and Plaintiffs' counsel sent "Notices of Pendency of Lawsuit" to prospective class members. The notice explicitly stated:  "it is extremely important that you read, sign, and return the Consent Form before June 24, 2018," and, "If your signed Consent Form is not mailed by June 24, 2018, you will not participate in any recovery obtained under the FLSA against the Defendant in this lawsuit."  Doc. Nos. 65-1 at 2, 65-2 at 2. The opt-in period thus began on April 24, 2018, as provided in the Joint Motion/Stipulation for Extension of Deadline (Doc. No. 90), and

closed on June 24, 2018, sixty-one days later. Doc. Nos. 56 at 12, 65-1 at 2, 65-2 at 2.

Following the close of the opt-in period, Plaintiffs filed thirty-three Consent to Opt In Forms ("Consent Forms") from potential class members seeking to opt-in, most recently on August 13, 2018, but provided no evidence to justify or otherwise explain why each or any of the individuals' Consent Forms were filed after the closure of the opt-in period. Doc. Nos. 111-121.

Defendant requests the Court to enter an order striking the thirty-three untimely opt-ins identified in Appendix A to Defendant's Motion to Strike, and prohibiting them from participating in this action. All thirty-three of these individuals filed Consent Forms after the June 24, 2018 opt-in deadline. Doc. Nos. 111-121. In the alternative, granting certain untimely opt-ins a generous 10-day grace period for the vagaries of the US Postal Service, Defendant requests the Court to strike nineteen of the thirty-three untimely opt-ins for the following reasons: (1) their Consent Forms were <u>filed more than ten days</u> after the June 24, 2018 opt-in deadline; (2) their Consent Forms were <u>signed after</u> the June 24, 2018 deadline; and/or (3) their Consent Forms were signed several weeks prior the deadline, but filed after the deadline, more than a month after they were first signed.

ARGUMENT

The Fair Labor Standards Act does not specify when a person must opt in to a collective action. *See*, 29 USC §§216(b), 256. Rather, courts establish and enforce opt-in deadlines, and have discretion in determining whether to allow untimely opt-ins to join a collective action. Courts in this circuit that have addressed whether to strike untimely opt-ins have applied a "good cause" analysis, which examines whether the untimely opt-ins had "reasonable excuses" for failing to meet the opt-in deadline. *See, e.g., Monroe v. United Air Lines, Inc.*, 94 F.R.D. 304, 305 (N.D. Ill. 1982) (allowing seven new opt-ins to be admitted "within approximately one month after the deadline" where all seven "appear[ed] to have reasonable excuses for failing to meet the timetable."). *See also,*

*Moya v. Pilgrim's Pride Corp.*, 2006 U.S. Dist. LEXIS 87150, at *9 (E.D. Pa. Nov. 30, 2006) (striking untimely opt-in who provided no explanation for the untimely return of the notice and told counsel that she received the notice late, finding there was "no way of knowing whether the delay in her receipt was of her own doing;" and another who claimed she moved prior to the mailing of the notice, finding there was "no way of knowing whether the fault for the delay [lay] with [her], for failing to obtain the mail sent to her old address, or with the Postal Service. . . ").

Here, the untimely opt-ins have failed to provide evidence that they had a "reasonable excuse" sufficient to establish good cause for filing their Consent Forms after the June 24, 2018 opt in deadline, and in certain cases, several weeks after the deadline. As a result, the Court should strike all thirty-three of the untimely opt-ins and preclude them from participating in this action.

In the alternative, if we assume that certain of the untimely consents were filed late due to delivery by the US Postal Service and therefore grant a very generous ten-day grace period, thirteen individuals filed Consent Forms more than ten days after the June 24, 2018 deadline, including Monica Gebert, Kejuan Carter, Nikolay Turashev, Eric Posey, Daniel Martin, James Vanscoy, Matthew Cramer, Shon Shaw, Kay Mattern, Samuel Asmoah, John Williams, Kari Olson, Jeddiah Turner, Krystyna Gibbs. *See* Doc. Nos. 116-122. Neither the untimely opt-ins offered any "reasonable excuses" to explain why their Consent Forms were filed more than ten days after the close of the opt-in period. As a result, there is no reason for this Court to not enforce the June 24, 2018 opt-in deadline as to these thirteen individuals.

In addition to the above, eight individuals did not sign their Consent Forms until <u>after</u> the June 24, 2018 opt-in deadline, and therefore could not have mailed their Consent Forms on or before the deadline. None has provided any explanation or reasonable excuse for doing so. They include: Lillian Amihe (signed, 06/26/18), Alvin Hilliard (signed, 06/26/18), Tyler Muellenbach

(signed, 06/29/18), Eric Posey (signed, 06/29/18), Daniel Martin (signed, 07/03/18), Matthew Cramer (signed, 07/03/18), James Vanscoy (signed, 07/05/18), and Krystyna Gibbs (signed, 08/05/18). These individuals should be stricken and precluded from participating in this action as well.

Lastly, several individuals signed their Consent Forms weeks before the opt-in deadline, but waited at least a month to file them, and did so after the June 24, 2018 deadline, providing no explanation or justification for their delay. For example, Kay Mattern signed her Consent Form on May 5, 2018, more than a month before the opt-in period closed, but somehow neglected to file it until July 16, 2018 – seventy-two days after she signed and twenty-two days after the opt-in period closed.  Doc. No. 119.  These individuals include:

| Opt-In | Signed | Filed |
| --- | --- | --- |
| Anthony McCoy | 05/24/18 | 06/28/18 |
| Robert Maney | 05/28/18 | 06/29/18 |
| Shon Shaw | 06/07/18 | 07/16/18 |
| Kay Mattern | 05/05/18 | 07/16/18 |
| Samuel Asmoah | 04/30/18 | 07/31/18 |
| John Williams | 05/21/18 | 07/31/18 |
| Kari Olson | 06/19/18 | 07/31/18 |

Doc. Nos. 114, 115, 119, 120. In these cases, given the disparity between the date on which the individuals first signed their Consent Forms and the date on which they filed them, it is difficult to conceive of any reasonable excuse sufficient to establish good cause for their delay. As a result, these opt-ins should also be stricken and precluded from participating in this action.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests the Court to strike the untimely opt-ins listed in Appendix A and prohibit them from participating in this action, or, in the alternative, to strike the opt-ins from the following individuals:  Lillian Amihe, Anthony McCoy, Robert Maney, Alvin Hilliard, Monica Gebert, Kejuan Carter, Nikolay Turashev, Eric Posey,

Daniel Martin, James Vanscoy, Matthew Cramer, Shon Shaw, Kay Mattern, Samuel Asmoah, John Williams, Kari Olson, Jeddiah Turner, and Krystyna Gibbs.

Respectfully submitted this 22nd day of August, 2018.

> By: s/ Alan E. Seneczko
> Alan E. Seneczko, State Bar No. 1003523
> Peter E. Hansen, State Bar No. 1083271
> Attorneys for Defendant, Per Mar Security and Research Corp
> Wessels Sherman Joerg Liszka Laverty Seneczko P.C
> 1860 Executive Drive, Suite E-1
> Oconomowoc, Wisconsin 53066
> Email: alseneczko@wesselssherman.com
>        pehansen@wesselssherman.com
> Phone: (262) 560-9696
> Fax: (262) 560-9677