UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

**ANTONE BESSY and**
**KANASHA WOODS,**

**on behalf of themselves and**
**all others similarly situated,**

    Plaintiffs,

    v.                                                       Case No. 17CV34

**PER MAR SECURITY AND RESEARCH CORP.**

    Defendant.

---

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT**
**OF FINAL SETTLEMENT APPROVAL**

---

**INTRODUCTION**

The parties seek final approval of the settlement of this individual and FLSA collective action, which alleged violations of the overtime provisions of the Fair Labor Standards Act (FLSA) and Wisconsin law. The Court has already granted preliminary approval of the parties' settlement agreement. Class counsel has, to the extent practicable, given notice to all FLSA and Wisconsin class members by mailing the notices and opt-out notices to them, and, if the initial mailing was returned as undeliverable, by remailing the notices and opt-out forms if a second address for the class member was located. No class members have objected to the settlement. Two opt-out forms were received from FLSA class members, but neither was not entitled to a payment under the parties' settlement agreement. Because the terms of the settlement are fair, reasonable, and adequate, the parties jointly request that the Court to grant final approval of the settlement.

## BACKGROUND

On February 11, 2019, the Court granted the parties' Joint Motion for Preliminary Approval of Class Settlement, which provides payments to class members based on the theory that Per Mar was required by both the FLSA and Wisconsin law to use the average straight time wage rate earned by the employee during the workweek to compute their overtime pay. (Docket #135). On March 4, 2019, FLSA class notices and opt out forms were mailed to persons who had already opted into the FLSA claims advanced in this lawsuit, while the Wisconsin class notice and opt-out forms were mailed the current and former Per Mar Wisconsin employees who, under Per Mar's computations, were entitled to a payment under the parties' settlement agreement. (Ho Dec. ¶2) The notices informed class members that they had 45 days after mailing, or until April 18, 2019 to object to, or optout of the settlement. (Ho Dec. ¶3) Plaintiffs' counsel searched for and re-mailed any mailings that were returned as undeliverable, and ultimately was unable to mail the notices and opt-out forms to just 12 out of approximately 800 FLSA and Wisconsin class members. (Ho Dec. ¶4)

Class counsel received no objections to the settlement. (Ho Dec. ¶5) Opt-out forms were received from Thomas O'Connor and Gabrielle Williams, both of whom were FLSA class members who were not entitled to a payment under the parties' settlement agreement. (Id.) Payouts to class members were then computed using the formulas provided under the parties' settlement agreement with two adjustments: If a class member was entitled to damages under both the computation for special events workweeks and the computation for non-special events workweeks during which he/she received more than one pay rate, the computed damages were combined. (Ho Dec. ¶6, see computations at docket #133-1 through #133-4) If a FLSA class member was also shown on the Wisconsin spreadsheets as being owed damages, those damages

duplicated FLSA damages: During a week in which the employee would have received more overtime pay had it been computed using the regular rate, FLSA damages equal time and a half the regular rate to include both the straight time and overtime premium portion of overtime pay, while Wisconsin damages equal one half of the regular rate because it includes the overtime premium only. Wisconsin law damages therefore equal a portion of FLSA damages for the same week. In order to prevent a duplicative recovery, the FLSA class member is removed from the Wisconsin class list, so that no one recovered from both the FLSA and Wisconsin law classes.

Under the final calculations, assuming the applicability of a two years statute of limitations to the FLSA claims, Defendant will pay approximately 165% of the total wages owed on class members and time periods covered by the FLSA, and approximately 106% of total wages owed on class members and time periods covered by Wisconsin law and not the FLSA. (Ho Dec. ¶8)

**ARGUMENT**

1. <u>The FLSA Settlement for Named Plaintiffs and Opt-in Class Members Should Receive Final Approval</u>.

In order to approve a proposed settlement under the FLSA, a court must determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). The primary focus of the Court's inquiry when determining whether to approve a FLSA collective action settlement is not on due process concerns, as it would be for a Rule 23 class action. *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2008) (citing *Woods v. New York Life Ins. Co.*, 686 F.2d 578, 579–80 (7th Cir. 1982)). Instead, the Court's primary focus is on ensuring that an employer does not take advantage of its employees. *Id.* (citing *Lynn's Food Stores*, 679 F.2d at 1354).

The same reasons for granting preliminary approval of the parties' settlement also support granting final approval of the parties' settlement. As explained in the parties' Joint Brief in Support of Preliminary Settlement Approval, the parties' settlement agreement provides more than full relief to class members based on the theory that Per Mar was required to compute overtime compensation using the regular rate, the average straight time wage rate earned by the employee during the workweek. More than full relief is provided despite Per Mar's potential defenses that: (a) the §207(g)(2) exemption method is available to authorize its practice of using the rate for the type of work method to compute overtime pay; (b) even if the regular rate method is applicable, damages owed to class members should be offset by "overpayments" during workweeks when class members received more overtime pay under the type of work method of computation than they would under the regular rate method of computation; and (c) FLSA overtime damages equal 1/3 of the Plaintiffs' calculations because it should be computed as one half of, rather than 1.5 times the regular rate for each overtime hour worked.

Moreover, damages for FLSA class members were computed for the time period between April 17, 2015 through July 22, 2017. (Docket #133, ¶5-6) Under the FLSA, the statute of limitations continues to run until an employee's written consent form has been filed with the Court. 29 U.S.C. §216(b). In this case, the earliest consent forms for non-named plaintiffs were filed with the Court on April 26th, 2018. (Docket #67) Assuming that a two years of statute of limitation sis applicable. even for those Plaintiffs who did opt in on April 26th, 2018 damages incurred between April 17, 2015 and April 26, 2016 were covered by Wisconsin law, rather than the FLSA. Wisconsin law damages equal 1/3 of FLSA damages because FLSA damages are computed using time and a half the regular rate, and Wisconsin damages are computed using one half of the regular rate only. As further outlined by the Plaintiffs' fee petition, Plaintiffs believes the settlement

provides to FLSA class members about 65% of the maximum liquidated damages that they could have recovered under the FLSA.

It was a reasonable compromise for the Plaintiffs to surrender a very small amount of FLSA liquidated damages in return for a guaranteed full wage recovery without further delay.

      b.      <u>The Wisconsin Law Settlement Should Receive Final Approval</u>.

To approve a class settlement pursuant to Fed. R. Civ. P. 23, a court must determine that the settlement is "fair, adequate and reasonable, and not a product of collusion." *Great Neck Capital Appreciation Inv. Partnership, L.P. v. PricewaterhouseCoopers, L.L.P.*, 212 F.R.D. 400, 409 (E.D. Wis. 2002); *see also* Fed. R. Civ. P. 23(e). In order to determine whether a settlement is fair, adequate, and reasonable, courts consider factors including: (i) the strength of the plaintiffs' case balanced against the settlement offer; (ii) the defendants' ability to pay; (iii) the burdens of further litigation; (iv) the amount of opposition to the settlement; (v) the presence of collusion; (vi) the opinion of competent counsel; and (vii) the stage of the proceedings and the amount of discovery that has been completed. *EEOC v. Hiram Walker & Sons, Inc.*, 768 F.2d 884, 889 (7th Cir. 1985). None of these factors has changed from when the Court granted preliminary approval of the parties' settlement agreement, other than the fact that no Wisconsin class member has opted out of or objected to the settlement. That there is no expressed opposition to the Wisconsin law settlement further supports granting it final approval.

The Wisconsin settlement's substantive terms are also clearly reasonable. The settlement provides class members 106% of the full damages they would have received had Per Mar used the regular rate to compute their overtime pay, despite Per Mar's potential defenses that it need not use the regular rate to compute its employees' overtime pay; that it is entitled to an offset for weeks when its employees received more overtime pay under the type of work method; and, that it does

not owe liquidated damages under Wis. Stat. §109.11(2). In particular, under §109.11(2), liquidated damages are discretionary and should be awarded only when the employer failed to pay wages to its employees for dilatory or other unjust reasons. *Johnson v. Roma-Waterford, LLC*, 2013 WI App 38 ¶44, 346 Wis. 2d 612. In this regard, Per Mar contended that the award of liquidated damages was not appropriate because its third-party payroll company set up its payroll computation software, including the method for calculating the overtime rate, with minimal input from Per Mar itself.

Granting final approval to the class settlement is consistent with the strong federal policy in favor of class settlement. *See, Air Line Stewards and Stewardesses Ass'n, Local 550 v. Trans World Airlines, Inc.*, 630 F.2d 1164, 1166–67 (7th Cir. 1980); *see also Great Neck Capital Appreciation Inv. Partnership, L.P.*, 212 F.R.D. at 409. The parties therefore jointly request that the Court grant final approval of their Wisconsin law settlement.

## **CONCLUSION**

For the reasons set forth above and in the parties' Joint Motion for Preliminary Approval of the Class Settlement, the parties respectfully request that the Court grant this Motion for Final Approval of their settlement agreement.

Dated: May 15, 2019.

By: /s/Yingtao Ho_____
Yingtao Ho (SBN 1045418)
Attorney for Plaintiffs
The Previant Law Firm S.C.
310 West Wisconsin Ave. Suite 100MW
Milwaukee, WI 53202
414-271-4500 (Telephone)
414-271-6308 (Fax)
Email: yh@previant.com

                s/ Alan E. Seneczko
                Alan E. Seneczko, State Bar No. 1003523
                Attorney for Defendant
                Wessels Sherman Joerg Liszka Laverty Seneczko P.C
                1860 Executive Drive, Suite E-1
                Oconomowoc, Wisconsin 53066
                Email:  alseneczko@wesselssherman.com
                Phone:  (262) 560-9696
                Fax:  (262) 560-9677