# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

**ANTONE BESSY and**
**KANASHA WOODS,**

on behalf of themselves and
all others similarly situated,

    Plaintiffs,

    v.                                                                                          Case No.  17CV34

**PER MAR SECURITY AND RESEARCH CORP.**

    Defendant.

## DECLARATION OF YINGTAO HO

Yingtao Ho, being duly sworn and under oath, states as follows:

1. I am the attorney for the Plaintiffs in the above-captioned case. I make this declaration in support of the parties' Joint Motion for Final Approval of Settlement.

2. On March 4, 2019, I oversaw the mailing of the FLSA class notices and opt-out forms to persons who had already opted into the FLSA claims advanced in this lawsuit, as well as the mailing of Wisconsin class notices and opt-out forms to all Wisconsin class members who, according to Per Mar's computations, are entitled to a payment under the settlement.

3. The notices informed FLSA and Wisconsin class members that they had until April 18, 2019, or 45 days following the mailing of the class notices and opt-out forms, to either opt-out or object to the settlement agreement.

4. If any mailings to class members were returned to my office as undeliverable, my office attempted to locate another address for the class member through Westlaw, and re-mailed

the notice and forms if a new address was located. Out of a total of approximately 800 notices that were mailed, my office was ultimately unable to find addresses for 12 class members whose class notices and opt-out forms were returned as undeliverable.

5. I received two opt-out forms and no objections to the settlement. The opt-out forms were sent by Thomas O'Connor and Gabrielle Williams. Both opt-out forms were from FLSA class members who are not entitled to payments under the parties' settlement agreement.

6. Per Mar produced two separate computation spreadsheets for both FLSA and Wisconsin class members, one for workweeks when they worked on special events, and one during workweeks when they did not work on any special events but nonetheless received more than one pay rate during the workweek. If a class member appeared on both spreadsheets, the amounts on the spreadsheets were combined when damages were computed.

7. Per Mar's Wisconsin class lists included some persons who timely opted into the FLSA class. Wisconsin law damages constitute the overtime premium portion of FLSA damages, which is computed as time and a half of the regular rate. Because Wisconsin law damages constitute a portion of FLSA damages for the same workweeks, to prevent duplicative recoveries FLSA class members were removed from the Wisconsin class lists so that they could not recover under both the FLSA and Wisconsin law settlements for the same injuries.

8. I have attached as exhibits 1 and 2 to this declaration spreadsheets showing the final amounts payable to FLSA and Wisconsin class members, respectively. Each class member received a total equal to the total amount of money available to his/her class x her damages as computed by Per Mar / payout for all class members as computed by Per Mar. Assuming the FLSA claims are subject to a two years of statute of limitations, and that the same amount of overtime pay was owed during each week of the damages period, FLSA class members will receive

approximately 165% of the total wages owed to them under the Plaintiffs' theory of the case, assuming FLSA overtime pay must be computed as time and a half their regular rates. Wisconsin class members will receive approximately 106% of total wages owed to them under the Plaintiffs' theory of the case.

    I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge this 15th day of May, 2019.

                                                            /s/Yingtao Ho
                                                            Yingtao Ho