IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANTONE BESSY and KANASHA WOODS,
on behalf of themselves and all others
similarly situated,

          Plaintiffs,

v.

PER MAR SECURITY AND RESEARCH CORP,

          Defendant.

OPINION AND ORDER

17-cv-034-wmc

---

Plaintiffs Antone Bessy and Kanasha Woods and defendant Per Mar Security and Research Corporation jointly seek final approval of a settlement of this hybrid action, which alleges wage and hour violations as: (1) collective actions under 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"); and (2) a class action under the wage and hour laws of the State of Wisconsin and Federal Rule of Civil Procedure 23. (Dkt. #137.) For the reasons that follow, as well as those set forth in the court's opinion and order granting preliminary approval of this settlement (dkt. #135), the court will give final approval of the settlement terms and approve an award of attorneys' fees and costs.

    **A. Settlement**

Based on today's fairness hearing, the parties' written submissions, the lack of any objections, only two opt-outs submitted by FLSA collective action members,[1] and the entire record in this case, the court concludes that the parties' settlement is fair, reasonable and adequate pursuant to Federal Rule of Civil Procedure 23(e) and that the settlement

---

[1] Indeed, except for the relative size of the attorneys' fee award, the parties' largely addressed the court's remaining concerns even before its preliminary approval. (Dkt. #135.) Both of the opt-outs appear to have had no right to payment for undervaluation of overtime.

represents a fair and reasonable resolution of a bona fide dispute over FLSA provisions. Specifically, as detailed in the parties' submissions, the FLSA collective action members will receive approximately 165% of the total wages owed under the FLSA and Rule 23 class members will receive approximately 106% of total wages covered by state law.[2] In light of a number of seemingly viable defenses, the settlement makes the collective action and class members more than whole. The relatively small incentive payment to class plaintiff Bessy is also fair and reasonable, and separate individual recoveries by both named plaintiffs are sufficiently small so as not to create a conflict with the other members of the collective action or class.

## B. Attorneys' fees and costs

Also before the court is class counsel's petition for attorneys' fees and costs, which the court will also approve. (Dkt. #140.) Class counsel seeks $34,000.00 in fees and costs, representing 80% of the total amount defendant is paying to settle these claims. While a fee award of $34,000 is relatively small as compared to other class action cases, these claims involved very little money. As described above, to make the collective action and class members more than whole, defendant only had to pay $3,897.46 to FLSA members and $2,727.32 to Rule 23 members. In its priors orders, the court expressed

---

[2] The court notes that damages for the FLSA collective action were calculated for a two-year, rather than three-year, period of time. In light of the uncertainty surrounding plaintiffs' blended rate method, the court concludes that it was reasonable for plaintiffs to settle their claims without the increased three-year period of time only allowed in cases where the violation was willful. *E.E.O.C. v. O'Grady*, 857 F.2d 383, 387 (7th Cir. 1988) (to prove willfulness must demonstrate that defendant either "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute").

significant skepticism as to whether a $34,000 fee award is fair and reasonable. (11/14/18 Op. & Order (dkt. #130); 2/11/19 Op. & Order (dkt. #135).)

In their petition, class counsel argues that this fee award is appropriate in light of the fee-shifting provisions in § 216(b) of the FLSA and Wis. Stat. § 109.03(6). Specifically, plaintiffs point to cases where the Seventh Circuit has rejected a district court reducing a fee award due to the scale of the recovery. *See Anderson v. AB Painting & Sandblasting Inc.*, 578 F.3d 542, 545 (7th Cir. 2009) ("Fee-shifting would not 'discourage petty tyranny' if attorneys' fees were capped or measured by the amount in controversy."). These cases, however, as plaintiffs acknowledge, do not concern class action settlements. As the court previously explained, to rely solely on the fact that this case involves settlement of claims with fee-shifting provisions ignores the significant amount of time and resources spent on bringing these claims as collective and class actions. (2/11/19 Op. & Order (dkt. #135) 6.)

Moreover, as the court indicated in its prior opinion and order, the fact that the collective and class action members are receiving more than the full amount they are entitled to suggests that this is an "exceptional settlement" justifying an award significantly more than the class settlement. *See In re Sw. Airlines Voucher Litig.*, 799 F.3d 701, 712 (7th Cir. 2015); *see also Maloy v. Stucky, Lauer & Young, LLP*, No. 1:17-CV-336-TLS, 2018 WL 6600082, at *6 (N.D. Ind. Dec. 14, 2018) (awarding $25,000 in fees plus costs on a total class recovery of $6,000, in part because class counsel "secured the maximum amount in statutory damages available under the FDCPA"); *Vought v. Bank of Am., N.A.*, No. 10-CV-2052, 2013 WL 269139, at *7 (C.D. Ill. Jan. 23, 2013) (awarding $2,000,000 in fees, in

3

part, because the settlement requires defendant to pay "the maximum amount that they could be required to pay under the RESPA statute").

Finally, the court further finds that the amount requested is significantly less than the lodestar amount for this case, especially if the costs incurred -- close to $9,000 to the claims administrator in mailing out FLSA opt-in notices and $400 to mail the settlement notices -- are subtracted from the $34,000 award. (*See* Pls.' Fee Petition Br. (dkt. #141) 8-9; *see also* Ho Decl., Exs. 5-6 (dkt. ##133-5, 133-6).) Accordingly, the court will grant plaintiffs' fee petition and award $34,000 in attorneys' fees and costs.

## ORDER

IT IS ORDERED that:

1) The parties' joint motion for final approval of the settlement agreement (dkt. #137) is GRANTED, and the parties are directed to carry out its terms and provisions.

2) Class counsel's petition for costs and attorneys' fees (dkt. #140) is GRANTED in the requested amount of $34,000.00.

3) Settlement payments described in Exhibits 1 and 2 to the Declaration of Yingtao Ho (dkt. ##139-1, 139-2) are APPROVED.

4) This action is dismissed with prejudice, barring and permanently enjoining named plaintiffs and all class members from pursuing any claims that were released against defendant.

5) The court expressly retains jurisdiction to enforce the terms of settlement. The clerk of the court is directed to close this case subject to reopening upon good cause shown.

Entered this 22nd day of May, 2019.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

4